FLEMING, Judge,
concurred that the judgment ought to be reversed; for the case was not like that of Call v. Scott, *4 Call, 402; because, there, the consideration for the endorsement expressly appeared in the proceedings; and, consequently, the endorsers were clearly liable.
CARRINGTON, Judge.
Thornton was neither payee, nor had any interest in the bill; and, therefore, he was not an endorser within the meaning of the act of assembly, allowing an action of debt against the endorser : nor was he liable upon the bill in any action, as there was no consideration for the endorsement proved. In which respect, it differs from the case of Call v. Scott: for, in that case, the consideration for the endorsement appeared in the proceedings ; and, therefore, the whole court thought the endorsers liable. Neither Mr. 'Washington’s memorandum of the agreement to change the current money into sterling, nor the notarial copy of the protest ought to have been allowed to go to the jury in this case : and, upon the whole, I think that the judgment is erroneous ; and that it ought to be reversed.
LYONS, President.
The declaration contains no ground for an action of debt upon the act of assembly against Thornton ; for if he had been liable at all, an action upon the case would have been the proper remedy. But he was not liable ; for it is not proved that there was any consideration for his endorsement; and, therefore, it is not like the case of Call v. Scott: for, in that case, the consideration appeared in the proceedings. The notarial copy of the copy ought not to have been allowed to go to the jury in the present case ; for there is nothing to shew, that a more authentic copy might not have been procured. I concur that the judgment should be reversed.